IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT WILLIAMS, #328027          *

     Plaintiff                   *

        v                 *        Civil Action No. DKC-16-623

MS. CYNTHIA HOLLEY, Case Mgr.    *
MR. GARY MAYNARD, Secretary of
 Correction,                     *
STATE OF MARYLAND,
                            *

     Defendants

                       ***

**MEMORANDUM OPINION**

Robert Williams filed a complaint, alleging that Defendants violated the terms of a settlement agreement he entered with Gary D. Maynard, then Secretary of the Department of Public Safety and Correctional Services ("DPSCS") and Jason Frantz, a state correctional officer,[1] by failing to secure a permanent out-of-state transfer for him. Defendants Gary D. Maynard, former Secretary of the DPSCS, Cynthia Holley, former Acting Assistant Director of Case Management for the Division of Correction ("DOC"), and the State of Maryland (collectively, "the Defendants"), by their counsel, filed a Motion to Dismiss and/or for Summary Judgment. Williams filed an opposition (ECF No. 12)[2] to which Defendants filed a reply.

The matter is briefed and ready for disposition. After considering the papers, exhibits, and applicable law, the court finds a hearing is unnecessary. *See* Local Rule 105.6 (D. Md.

---

[1] Frantz was not named as a Defendant. Williams listed Holley, Maynard, and the State of Maryland as Defendants in the caption of the complaint, and provided their address as in care of Officer Jason Frantz. ECF No. 1 at 1.

[2] Consonant with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Clerk sent notice to Williams informing him that he may file a response with affidavits and exhibits in support. (ECF No. 9). Plaintiff's response was filed without affidavits or exhibits.

2016).  For reasons that follow, Defendants' motion will be granted and the case will be dismissed for lack of subject matter jurisdiction.

## WILLIAMS' ALLEGATIONS

On March 3, 2016, Williams, who is presently incarcerated at Jessup Correctional Institution ("JCI") in Jessup, Maryland,[3] filed this complaint on a court approved form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983.  Williams claims that by failing to transfer him permanently to another state's custody, Defendants have failed to follow the terms of the settlement agreement he entered in *Williams v. Frantz,* Civil Action No. DKC-09-879 (D. Md.).  Williams also claims he is "locked in a cell 23 hrs (sic) a day for nothing."  ECF No. 1.  As relief, he requests transfer to another state or vacatur of the settlement agreement, and $100,000 in damages.

## BACKGROUND

### I.      Settlement Agreement

On July 30, 2010, Robert Williams, by his court-appointed counsel, filed an amended complaint against Secretary Maynard and other DPSCS employees, alleging that while he was incarcerated at North Branch Correctional Institution ("NBCI"), he was assaulted and injured by correctional officers and subsequently denied medical care in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.  *See Williams v. Frantz,* Civil Action No. DKC-09-879 (D. Md.).  In that case, Williams requested a transfer from NBCI and damages.

A settlement conference was conducted on March 30, 2012, with follow-up telephone settlement conferences held on April 24, 2012, and May 8, 2012, before United States Magistrate Judge William Connelly.  On April 30, 2012, a joint status report indicated the parties had

---

[3]     *See* http://www.dpscs.state.md.us/inmate/search.do?searchType=detail&id=970901.

approved a settlement agreement resolving all issues.  *See Robert Williams v. Frantz,* Civil Action No. DKC-09-879, ECF No. 95.  On June 22, 2012, counsel advised the court that Williams had signed the settlement agreement.  The signatories to the agreement were Williams, Secretary Maynard, and Officer Frantz.[4]  *Id*. at ECF No. 96.

On June 25, 2012, pursuant to Local Rule 111 (D. Md.), the court dismissed the case without prejudice to the right of a party to move for good cause within 60 days to reopen the case if settlement was not consummated, but if no such motion was filed, the dismissal would be with prejudice.  *See Williams v. Frantz,* Civil Action No. DKC-09-879, ECF No. 96.  The terms of the settlement agreement were not incorporated into the Order and the court did not retain jurisdiction to enforce the settlement agreement.  *Id*.  Neither party moved to reopen the case within 60 days; thus, Williams' civil rights suit was dismissed with prejudice.

On June 27, 2012, the parties entered a settlement agreement which provided for Williams' transfer to the custody of another state through the Interstate Corrections Compact ("ICC"), Md. Code Ann. Corr. Servs. §§ 8-601-8-611, after certain conditions were met.  *Id.* at ECF No. 100-1(settlement agreement).  The agreement provided Williams' transfer was contingent upon approval by the DPSCS and the receiving state and the processing of paperwork, including the transfer agreement executed by both states.  Either state had the authority to terminate the ICC agreement after providing proper notice.  *Id.*  The agreement provided that it was governed by and construed in accordance with the laws of the State of Maryland.

---

[4]    Cynthia Holley was not a defendant in the 2009 case.  *See Robert Williams v. Frantz, et al.,* Civil Action No. DKC-09-879 (D. Md.).

## II.      First Motion to Reopen

On November 7, 2012, more than four months after the Rule 111 Order was signed, Williams filed a document asking the court to set a time frame for his transfer under the ICC.  *Id*. at ECF No. 99.  Williams asked the court to assist in effectuating his transfer within 60 days or to reopen his case.  *Id*.  The court determined that because Williams had failed to file the motion within sixty days of the Rule 111 Order, the Order had become final.  *Id*. at ECF No. 106.  The court construed Williams' request as a motion to reopen the case, and concluded that it lacked authority to grant the relief requested, as such relief may be available only through a new action for breach of the settlement agreement.  *Id.*  The court also noted that Defendants had made substantive steps to comply with the settlement agreement.  Specifically, Defendants reported that requests for Williams' ICC transfer had been submitted to other states.  One potential receiving state had declined to accept Williams.  Three other potential transferee states had been contacted, and their responses were pending.  *Id*. at 2; *see also* ECF No. 100.  Further, Defendants indicated that Williams had been transferred from NBCI to Western Correctional Institution ("WCI").  The court denied the Motion to Reopen, and directed Defendants to file reports every three months about the status of their efforts to transfer Williams under the ICC.

## III.     Defendants' Response

Defendants have filed verified exhibits and declarations with their dispositive motion which demonstrate Williams has been transferred twice to other states and then returned to Maryland.  Efforts are presently underway to secure another ICC transfer for him.  ECF No. 8, ECF No. 8-2 (Decl. of Cynthia Holley).  Specifically, on March 28, 2013, Williams was transferred under the ICC to Oklahoma.  Both Maryland and Oklahoma had authority to terminate the agreement with 90 days' notice, and in September, 2013, Oklahoma notified

Maryland that it would no longer accept Williams.   On December 20, 2013, Williams was retrieved from Oklahoma and returned to Maryland.   ECF No. 8-2.   On February 18, 2014, Williams was transferred to New Mexico after that state agreed to accept his custody.   *Id*.   On July 27, 2015, New Mexico informed Maryland that it could no longer safely house Williams after he was involved in the stabbing of an individual who was a member of a group with a wide prison membership, known as "the Burquenos."   *Id*.   Williams was returned to Maryland on August 31, 2015.   *Id*.   On his return trip to Maryland, Williams suffered a health issue for which medical clearance was required before he could be considered for a third ICC transfer.   *Id*.

Defendants' motion to dismiss or, in the alternative motion for summary judgment was filed on May 19, 2016.   ECF N. 8.   Defendants indicate that Williams was medically approved for ICC transfer on June 9, 2016, and he will be transferred once another state agrees to accept custody of him.   ECF No. 13-1 (Decl. of Thomas Wolfe, Acting Assistant Director of Case Management, Jessup Correctional Institution).

In his response filed on August 15, 2016, Williams contends that he was "cleared by the medical department for [the] past 5 months" and "caseworker sent transfer request 7 months ago to Ms. Holley and headquarters."   ECF No. 12.

## STANDARD OF REVIEW

As Defendants seek dismissal of this action for lack of subject matter jurisdiction, the court deems it appropriate to consider the motion to dismiss as raised pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.   The existence of subject matter jurisdiction is a threshold issue.   *See Jones v. American Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999); and *Evans v. B.F. Perkins Co*., 166 F.3d 642, 647 (4th Cir. 1999).   As the party invoking the jurisdiction of this court, Plaintiff bears the burden of proving the existence of subject matter

jurisdiction.  *See Piney Run Pres. Ass'n v. Cnty. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459

(4th Cir. 2008).   When considering a Rule 12(b)(1) motion, the court "may consider evidence

outside the pleadings without converting the proceeding to one for summary judgment" to help

determine whether it has jurisdiction over the case before it.  *Evans v. B.F. Perkins Co., a*

*Division of Standex Int' Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).   A court should grant a

12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party

is entitled to prevail as a matter of law."  *Richmond, Fredericksburg & Potomac R.R. Co. v.*

*United States,*  945 F.2d 765, 768 (4th Cir. 1991).

## DISCUSSION

Defendants seek dismissal of the complaint on several grounds including lack of subject

matter jurisdiction.

## I.        Jurisdiction

Section 1983 provides a cause of action for constitutional violations by persons acting

under color of state law.  However, it "'is not itself a source of substantive rights,' but merely

provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510

U.S. 266, 271, (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  To state a

claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution

and laws of the United States, and must show that the alleged deprivation was committed by a

person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988).  Because the

complaint does not allege abridgement of a constitutional right or a federal law, it fails to state a

cognizable claim for relief under 42 U.S.C. § 1983.

Federal courts are courts of limited jurisdiction.  They possess only the power authorized

by the Constitution and statute.  *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S.

375, 377 (1994).   The burden of establishing that a federal court has proper subject matter jurisdiction rests upon the party asserting jurisdiction.   *Id*.   To the extent that Williams' complaint seeks specific performance of the settlement agreement, it fails to allege the abridgement of a constitutional right or a federal law.   In *Kokkonen*, the Supreme Court explained that, "[e]nforcement of the settlement agreement, . . ., is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."   *Id*. at 378.

As noted, the terms of Williams' settlement agreement expressly state that it is to be interpreted pursuant to the laws of the State of Maryland.   Williams may wish to pursue his breach of contract claim in the appropriate state court.   This court's order dismissing the underlying lawsuit contained no provision retaining jurisdiction over the settlement agreement or incorporating the agreement.   The parties' performance of the agreement raises no issues of federal or constitutional law.   Absent an independent basis for federal jurisdiction, this court is without jurisdiction to consider enforcing the terms of the settlement agreement.[6]   Because Plaintiff has not demonstrated a basis for federal subject matter jurisdiction, the complaint must be dismissed.

## II.      Request to Reopen

Defendants maintain that to the extent Williams, who is a self-represented litigant, might seek to restore his underlying case DKC-09-879, to the docket pursuant to Rule 60(b)(6) of Federal Rules of Civil Procedure, his request is not timely.   Rule 60(b)(6) authorizes a court to relieve a party from a final judgment for "any other reason that justifies relief."[7]   The party

---

[6]      Williams does not allege that there is jurisdiction based on diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.   There does not appear to be any basis for jurisdiction based on diversity of citizenship because all the parties appear to be citizens of Maryland.

[7]      Williams does mention Rule 60(b) in his request to restore the underlying case to the docket.

seeking relief under Rule 60(b)(6) must file the motion within a "reasonable time." Fed.R.Civ.P. 60(c)(1).

To support a motion for relief under Rule 60(b), the moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Assoc., Inc.,* 305 Fed. Appx. 987, 988 (4th Cir. 2009) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co*., 993 F.2d 46, 48 (4th Cir. 1993)). If these threshold requirements are met, the moving party must then show reason to justify relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b)(6). The moving party "must clearly establish the grounds therefore to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted). Rule 60(b) provides a remedy that "is extraordinary and is only to be invoked upon a showing of exceptional circumstances." *McLawhorn v. John W. Daniel & Co., Inc.,* 924 F.2d 535, 538 (4th Cir. 1991), citing *Compton v. Alton Steamship Co*., 608 F.2d 96, 102 (4th Cir. 1979).

Although Fed. R. Civ. P 60 (b)(6) is broadly worded, "its context requires that it may be invoked in only extraordinary circumstances." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). Imposing a narrow reading on Rule 60(b)(6) is "essential if the finality of judgments is to be preserved." *Id*. (quoting *Liljeberg v. Health Servs. Acquisition Corp*, 486 U.S. 847, 873 (1988)(Rehnquist, C.J., dissenting)). The Fourth Circuit thus requires that a motion under Rule 60(b)(6) "be filed on 'just terms' and within 'a reasonable time'—that the party filing the motion have a meritorious claim or defense and that the opposing party not be unfairly prejudiced by having the judgment set aside." *Aikens,* 652 F.3d at 501. Awarding relief in this "catch all"

category is exceedingly rare, *see In Re: Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.,* 496 F.3d 863, 868 (8th Cir. 2007).

Defendants note that Williams returned to Maryland from New Mexico on August 31, 2015, but filed the instant complaint on March 3, 2016, more than six months later and almost 4 years after the case was dismissed. Williams provides no reasons for the filing delay. In light of Williams' delay in filing and the lack of any explanation for the delay, the court does not find that the interests of justice require restoring this matter to the docket. *See McLawhorn,* 924 F.2d at 538, citing *Central Operating Co. v. Utility Workers of Am., AFL–CIO*, 491 F.2d 245, 253 (4th Cir.1974) (finding that four months was not a reasonable time under Rule 60).

Defendants also assert that Williams has made no showing of hardship or extraordinary circumstance. It is undisputed that Williams has received two separate ICC transfers, and the transferee states ultimately returned him to Maryland. Of import here, efforts are underway to arrange a third transfer for Williams now that he is medically cleared. ECF No. 13-1 (Wolfe Decl.). Further, while Williams is housed in administrative segregation at JCI, he does not claim to have suffered any injury as a result of his housing status. He neither claims nor alleges facts to suggest that his segregated confinement status imposes "an atypical and significant hardship." *See Sandin v. Conner,* 515 U.S. 472, 476 (1995); *see also Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997).

## CONCLUSION

For these reasons, the court will grant Defendants' motion and the case will be dismissed for lack of subject matter jurisdiction.. . A separate Order follows.

February 10, 2017        _____/s/_____
                      DEBORAH K. CHASANOW
                      United States District Judge